### BEN C. JONES & COMPANY v. F. H. SMITH.

Decided March 25, 1908.

#### 1.—Appeal—Demurrers—Practice.

When it does not appear from the record that a general demurrer was called to the attention of the trial court and acted upon by the court, no assignment of error based thereon will be considered upon appeal.

#### 2.—Official Fees—Excessive Demand—Pleading—Amendment.

In his original petition an official stenographer sued for fees in excess of those allowed by law for the work performed; by an amended petition his demand was reduced to the lawful amount. Held, that the amended petition superseded the original petition and constituted plaintiff's demand, and the fact that he may have violated the penal laws, and become amenable thereto by demanding excessive fees in his original petition, was no reason why he should not recover the lawful fees claimed in his amended petition.

#### 3.—Official Stenographer—Fees.

The statute regulating official stenographers makes it their duty to furnish a transcript of the testimony in narrative form when requested so to do by a party to the suit, and when this duty is performed he is entitled to his fees regardless of any usage, practice or custom for the attorneys in the case to reduce the testimony to narrative form.

Appeal from the County Court of Travis County. Tried below before Hon. Jno. W. Hornsby.

*Ed. H. Yeiser,* for appellants.

*J. M. Patterson,* for appellee.

KEY, ASSOCIATE JUSTICE.—Appellee brought this suit against appellants to recover certain fees alleged to have been earned by him as a stenographer in a certain case tried in the District Court of Travis County. There was a nonjury trial which resulted in plaintiff's favor and the defendants have appealed.

There is no statement of facts and nearly all the assignments of error relate to the action of the court in ruling upon exceptions and not dismissing the plaintiff's suit. The first assignment is predicated upon the alleged action of the trial court in overruling a general demurrer to the plaintiff's petition. The record does not show that the general demurrer was urged in or ruled upon by the trial court, and for that reason the questions sought to be presented under that assignment will not be decided by this court.

All the other assignments, except the sixth and last, involve the proposition that the plaintiff was not entitled to maintain his suit because his pleadings show that he has violated article 256 of the Penal Code by demanding fees that he was not entitled to. The article referred to makes it an offense for any officer to wilfully demand or receive fees that he is not entitled to or in excess of those· prescribed by statute. The plaintiff's original and amended petitions show that he acted as official stenographer of the District Court of Travis County in the trial of a certain case in that court,

and that after the trial he made out and delivered to the attorney of record and agent of appellants in this case, who were parties to that suit, a question and answer transcript of the testimony, and also a narrative statement thereof. In his original petition he alleged that the first transcript contained approximately 167,333 words, which at the rate of fifteen cents per 100 words (the rate prescribed by law) aggregated the sum of $251, and that the second transcript in narrative form contained approximately 117,200 words, which at the rate above stated aggregated the sum of $176.80, for which two sums he prayed judgment. Thereafter the plaintiff filed a first amended original petition, which shows on its face that it was in lieu of his original petition. Such would have been its effect in law, although not so stated in the pleading. In the latter petition he alleged that the first, or question and answer, transcript which he made for appellants contained 137,867 words, for which he was entitled to $206.70, and that the other or narrative transcript contained 105,832 wards, for which he was enittled to $158.70. The argument on behalf of appellants seems to be that as appellee sought to recover more fees in his original petition than he sued for in his amended petition, therefore he has violated article 256 of the Penal Code, and should not be permitted to recover anything. We can not sanction that contention. Appellee's original petition was superseded by his amended petition upon which the case was tried; and if he committed the offense defined in article 256, he did so by filing the original petition, and not by filing and prosecuting the amended petition. In other words, the petition upon which the case was tried does not disclose any violation of the Penal Code, and therefore appellants' contention is without merit. With possibly certain prescribed exceptions, the courts are open to every litigant and will adjudicate his rights regardless of his moral character, even though he may have previously violated the penal laws of the State. The cases cited on behalf of appellants, and others that might be cited, show that the courts will not aid or countenance a litigant where even part of his claim involves a violation of the criminal law, but those decisions have no application to this case. The amended petition upon which the case was tried contained no demand for fees in excess of or not allowed by law.

The sixth assignment asserts that error was committed in allowing the plaintiff $138.30 for the narrative transcript or statement of facts, because custom, usage and practice of our courts make the preparation of a statement of facts part of the legal services to be rendered by the attorney of the party appealing. The statute regulating official stenographers makes it the duty of such stenographer to furnish a transcript in narrative form, when requested by a party to the suit, and allows fifteen cents per hundred words for making such transcript. When such demand has been made and such transcript furnished, the stenographer is entitled to his fees, regardless of what may be the custom, usage and practice in the preparation of statements of fact.

No error has been shown, and the judgment is affirmed.

*Affirmed.*